## No. 163

STATE Ex SIMON v. CORIEL, Aud.
No. 18869. Supreme Court

Pending on motion to have Wood Appeals certify record. Dock. Dec 17, 1924. 3 Abs. 2. Motion to certify overruled. For OA Opinion see 3 Abs. 58.

**998.—RE-APPRAISEMENT—Does Board of Commissioners have right to order Auditor to proceed with?**

Simon, the realtor, brought an action in the Wood Common Pleas as a taxpayer, seeking to restrain Coriel, the Auditor of Wood County from proceeding with a general reappraisement of the property in Wood County. The petition alleged that the auditor filed with the Comm. his report in which he declared that the property in Wood County appeared upon the tax duplicate assessed for taxation in the aggregate at its true money value. The Board, after some consideration of said report ordered the auditor to make a reappraisal on the ground that his report was not the true value in money.

The auditor, thereupon, employed a number of assistants and experts and proceeded with the making of such general reappraisement.

## STATE SUPREME COURT—Continued

When the action was brought $26,598.03 had been paid to such employees, the reappraisement then being incomplete. A demurrer was filed to the petition which was sustained. Error was prosecuted, and the Court of Appeals held:

1. As the petition failed to show any disregard of the requirements of the statute, with reference to the manner of assessing the property the demurrer must be sustained.

Simon claims that the auditor is making the reappraisement under an arbitrary and artificial rule, whereby he determined the value of buildings according to their cubical contents, with no actual view of the premises.

Local appraisers appointed by the auditor have not been permitted to place valuations upon buildings and in several places where they did place them, he ignored them and fixed the maccording to the cubical contents. A great majority of the valuations so obtained are greatly in excess of the true value of the buildings.

Simon further declares that the act of the Board of Commissioners in ordering a reappraisement was not authorized by law and is therefore null and void.

Questions before the Supreme Court for consideration are:

Is it in the province of the Board of Commissions to order a reappraisement?

Can an artificial and arbitrary rule be followed by which ˙excessive valuations are found?

Attorneys—Frank A. Baldwin and Earl D. Bloom, for Simon; Ray D. Avery and H. H. Griswold, for Coriel; all of Bowling Green.